Filed 8/29/23  Orradre v. Duke CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| MICHEL J. ORRADRE et al., as Trustees, etc., | C096186 |
| Cross-complainants and Respondents, | (Super. Ct. No. 34201900253042CUBCGDS) |
| v. | |
| ROGER P. DUKE, | |
| Cross-defendant and Appellant. | |

This case concerns a dispute between members of a limited liability company that has unfolded over the past five years across a stayed lawsuit, a stalled arbitration, and finally this lawsuit.  In this action, the company, plaintiff O Street Partners, LLC, filed a complaint against defendants and cross-complainants Michel J. Orradre and Mary F. Orradre as Trustees of the 1988 Orradre Revocable Trust UDT dated April 26, 1988 (trust), a nonmanaging member of the company.  The trust filed a cross-complaint asserting direct and derivative claims against its managing member, cross-defendant and appellant Roger Duke, and naming O Street Partners as a nominal cross-defendant.

1

O Street Partners and Duke filed successive motions seeking to compel arbitration of only the cross-complaint. The trial court denied the motions under Code of Civil Procedure section 1281.2, subdivision (c) due to the possibility of conflicting rulings on common issues of law and fact if the complaint and the cross-complaint are adjudicated in separate forums. (Undesignated statutory references are to the Code of Civil Procedure.) Duke appeals the denial of his motion and seeks review of two prior decisions by the trial court. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Duke manages and is a member of O Street Partners. The trust is also a member of O Street Partners. The O Street Partners's operating agreement contains an arbitration provision requiring members to arbitrate "any dispute [that] arise[s] regarding the interpretation or execution of [the agreement]."

In August 2018, the trust and other members of O Street Partners filed suit against Duke seeking provisional relief and demanding to arbitrate a derivative claim against Duke for mismanaging O Street Partners. In March 2019, Duke directed O Street Partners to file this action against the trust. (See Corp. Code, § 17704.07, subd. (c)(1).) The trust filed an answer to that action in June 2019. In February 2020, the trust filed a motion for leave to file a cross-complaint against Duke naming O Street Partners as a defendant because four of the causes of action were brought on behalf of O Street Partners. The trial court declined to rule on the motion because it determined that the cross-complaint did not require leave. The trust then filed the cross-complaint.

It appears from the partial record provided that, in early 2022, O Street Partners filed a motion to compel arbitration of the cross-complaint. The trial court denied that motion, ruling that O Street Partners had waived its right to arbitrate and reasoning that there could be inconsistent rulings if the parties litigated the complaint in court while arbitrating the cross-complaint. While that ruling was pending, Duke filed his own motion to compel arbitration — again of only the cross-complaint.

2

The trial court denied Duke's motion as well.  Having already determined that O Street Partners could not enforce the arbitration agreement, the court applied section 1281.2, subdivision (c) because this action was pending between a party to the arbitration agreement (the trust) and a third party to that agreement (O Street Partners).  The court reasoned that the claims in both the complaint and cross-complaint " ' "all rest on a core of disputed facts" ' " because the parties each blame the other side for O Street Partners's inability to meet its financial obligations, including payments on a loan from the trust and repair costs.  The court therefore found a "possibility of conflicting rulings" (§ 1281.2, subd. (c)) if it sent the cross-complaint to arbitration while O Street Partners and the trust litigated the complaint in court.  The court exercised its discretion pursuant to section 1281.2 to refuse to enforce the arbitration agreement.

Duke timely appealed from that order.

## DISCUSSION

Duke argues the trial court erred by:  1) failing to rule on the trust's motion for leave to file a cross-complaint; 2) denying O Street Partners's motion to compel arbitration of the cross-complaint; 3) finding section 1281.2 applicable; and 4) denying his motion to compel arbitration of the cross-complaint, rather than choosing another remedy under section 1281.2.

### I

### *The Trust's Motion for Leave to File a Cross-complaint*

Duke contends the trial court erred by failing to rule on the merits of the trust's motion for leave to file a cross-complaint.  The trust contends Duke cannot take an interlocutory appeal from the order declining to consider the motion.  Duke does not assert any jurisdictional basis for reviewing the trial court's order declining to rule on the trust's motion and does not respond to the trust's jurisdictional arguments in his reply brief.  As we will explain, we lack jurisdiction to review the trial court's order.

3

As an initial matter, we agree with the trust that section 904.1 does not authorize an appeal of an order regarding a motion for leave to file a cross-complaint. We also consider the application of section 1294.2 that governs the appealability of an intermediate ruling "which involves the merits or necessarily affects the order or judgment appealed from, or which substantially affects the rights of a party." (§ 1294.2.) The trial court's order declining to consider the trust's motion for leave to file a cross-complaint does not meet these requirements for two reasons.

One, the order declining to consider the motion for leave to file a cross-complaint does not involve the merits of the order denying the motion to compel arbitration. And two, the order declining to consider the motion for leave to file a cross-complaint cannot affect the order appealed from—the order denying Duke's motion to compel arbitration—or substantially affect the rights of a party because the trust's cross-complaint was filed without leave, and the propriety of that filing is not before this court.[1] We therefore lack jurisdiction in this appeal to review the order declining to consider the trust's motion for leave to file a cross-complaint.

II

*O Street Partners's Motion to Compel Arbitration*

Duke contends we should reverse the trial court's denial of O Street Partners's motion to compel arbitration, even though O Street Partners did not appeal from that ruling. The trust contends we lack jurisdiction to review the trial court's denial of O Street Partners's motion, and we agree.

An aggrieved party may appeal from an order denying a petition to compel arbitration. (§ 1294, subd. (a).) Here, however, no party appealed from the denial of O Street Partners's motion, so section 1294 does not give us jurisdiction to review the

---

[1] The proper procedure to challenge a cross-complaint as improperly filed is to move the trial court to strike the cross-complaint. (See §§ 435, 436, subd. (b).)

order.  (See *K.J. v. Los Angeles Unified School Dist.* (2020) 8 Cal.5th 875, 881 [" '[T]he timely filing of an appropriate notice of appeal or its legal equivalent is an absolute prerequisite to the exercise of appellate jurisdiction' "].)  We also do not have jurisdiction under section 1294.2, because that section does "not authorize the court to review any decision or order from which an appeal might have been taken." (§ 1294.2.)  And Duke does not offer any jurisdictional basis for reviewing O Street Partners's motion and does not respond to the trust's jurisdictional arguments in his reply brief.  We therefore conclude we lack jurisdiction to review the trial court's denial of O Street Partners's motion to compel arbitration.

## III

### *Duke's Motion to Compel Arbitration*

As to the trial court's ruling on Duke's motion to compel arbitration, Duke contends the trial court (1) erred in finding section 1281.2, subdivision (c) applicable and (2) abused its discretion in refusing to enforce the arbitration agreement.  We discuss each contention in turn.

### A

### *Applicability of Section 1281.2, Subdivision (c)*

Duke contends the trial court erred by finding O Street Partners to be a third party under section 1281.2, subdivision (c).  Specifically, Duke argues O Street Partners was not a third party to this action or the pending arbitration between involving the parties.  We disagree.

Section 1281.2 requires trial courts to order arbitration of a controversy "if it determines that an agreement to arbitrate the controversy exists," unless one of the listed exceptions apply.  (§ 1281.2; see *Cronus Investments, Inc. v. Concierge Services* (2005) 35 Cal.4th 376, 383.)  Subdivision (c) provides one such exception when "[a] party to the arbitration agreement is also a party to a pending court action or special proceeding with a third party, arising out of the same transaction or series of related transactions and there

5

is a possibility of conflicting rulings on a common issue of law or fact." (§ 1281.2, subd. (c).) The third party referred to in section 1281.2, subdivision (c) is a party "not bound by the arbitration agreement." (*Cronus Investments, Inc.*, *supra*, 35 Cal.4th at p. 393.) By arguing the exception does not apply because O Street Partners is not a third party *to this action*, Duke misreads the statute. Contrary to Duke's reading, O Street Partners must be a party to this action with the trust because section 1281.2, subdivision (c) requires "a pending court action or special proceeding" between the parties. (§ 1281.2, subd. (c).) The third party in the statute is not a nonparty to the "pending court action," but rather a party not bound by the arbitration agreement. Here, this requirement is also met because following the trial court's finding that O Street Partners waived its right to enforce the arbitration agreement, the parties agree O Street Partners is not bound by the arbitration provisions in the operating agreement. Therefore, the trial court correctly determined O Street Partners is a third party under section 1281.2.

B

*Discretion to Refuse to Enforce the Arbitration Agreement*

When section 1281.2, subdivision (c) applies, the trial court has four options, three of which are refusing to enforce the arbitration agreement, staying court proceedings pending the outcome of arbitration, and staying arbitration proceedings pending the outcome of the court proceedings. (*Nixon v. AmeriHome Mortgage Co., LLC* (2021) 67 Cal.App.5th 934, 951; *Cronus Investments, Inc.*, *supra*, 35 Cal.4th at p. 383.) The standard of review generally applied to an order denying a motion to compel arbitration is abuse of discretion, "which looks to see 'whether the trial court exceeded the bounds of reason.' " (*Mercury Ins. Group v. Superior Court* (1998) 19 Cal.4th 332, 349.) Likewise, "the ultimate determination whether to stay or deny arbitration based on the possibility of conflicting rulings on common questions of law or fact is reviewed for an abuse of discretion." (*Daniels v. Sunrise Senior Living, Inc.* (2013) 212 Cal.App.4th 674, 680.)

Duke contends the trial court abused its discretion by refusing to enforce the arbitration agreement. Duke reasons that the trial court failed to account for the risk of conflicting judgments caused by the "pending arbitration" demanded by the members of O Street Partners when they filed suit against Duke in 2018.[2] Duke's argument ignores his repeated assertions to both the trial court and this court that the other members of O Street Partners, including the trust, "have refused and intentionally failed to proceed with [the pending] arbitration." The trial court was therefore within its discretion to discount the risk of a potential conflicting judgment in the arbitration that Duke insisted was not proceeding.[3]

---

[2] Duke's claim that the trial court failed to exercise its discretion under section 1281.2 is meritless. As explained above, section 1281.2 authorizes four options, including permitting the court to "refuse to enforce the arbitration agreement." The court exercised its discretion to choose this option.

[3] Duke's argument that *Patrick v. Alacer Corp.* (2008) 167 Cal.App.4th 995 prohibits the trial court's ruling misapplies the case. The cited portion of *Patrick* discusses the rule that a "corporation has no ground to challenge the merits of a derivative claim filed on its behalf and from which it stands to benefit" so that director defendants may not shift the cost of their defense of the derivative suit to the corporation against which they have allegedly committed tortious conduct. (*Id.* at pp. 1005, 1008.) Duke then claims, "[b]y denying Duke's motion to compel arbitration, the trial court has forced [O Street Partners] to defend against derivative claims to ensure that its own claims against [the trust] are not defeated." This is incorrect.

The rule discussed in *Patrick*, to the extent it applies here, would prohibit O Street Partners from defending the derivative claims brought against Duke on the merits. The trial court's denial of Duke's motion to compel arbitration has no effect on that rule, which would permit O Street Partners to spend money to prosecute its complaint but not to defend against the derivative claims in the cross-complaint. This inapt rule does not establish an abuse of discretion.

DISPOSITION

The trial court's order denying Duke's motion to compel arbitration is affirmed. Respondents are entitled to their costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1)(2).)

/s/_____
MESIWALA, J.

We concur:

/s/_____
HULL, Acting P. J.

/s/_____
MAURO, J.

8